UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ASSA ABLOY ENTRANCE SYSTEMS US, INC.**, a Connecticut Corporation, | * * * | CIVIL ACTION |
| v. | * * | NO. |
| | * | JUDGE: |
| **AVIATION HANGAR DOOR SERVICES, LLC** a Wisconsin Limited Liability Company, inclusive, | * * * * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW COMES Plaintiff, ASSA ABLOY ENTRANCE SYSTEMS US, INC., a Connecticut company (hereinafter "Plaintiff" or "Assa Abloy"), by and through its attorneys of record, which hereby submits its Complaint against Defendant AVIATION HANGAR DOOR SERVICES, LLC, a Wisconsin limited liability company (hereinafter "Defendant" or "Aviation") as follows:

### NATURE OF THE ACTION

1. The following is a civil action brought by Plaintiff Assa Abloy against the Defendant Aviation for Breach of Contract, Breach of Open Account, and Breach of the Implied Covenant of Good Faith and Fair Dealing.

### PARTIES

1. Plaintiff ASSA ABLOY ENTRANCE SYSTEMS US, INC. is a Connecticut corporation with its principal place of business in the State of North Carolina, and is registered and authorized to do business in Louisiana.

2. Upon information and belief, Defendant AVIATION HANGAR DOOR SERVICES, LLC is, and was at all times relevant herein, a Wisconsin limited liability company, doing business in Louisiana.

3. Upon information and belief, the members of Aviation are citizens of the state of Wisconsin.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C 1332(a)(1) and the matter in controversy exceeds the sum of $75,000.

5. Venue of this action properly lies in this district pursuant to 28 U.S.C. 1391(b)(2) and (3) and because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Terrebonne Parish and Lafourche Parish, Louisiana.

## GENERAL ALLEGATIONS

6. Assa Abloy is in the business of providing, refurbishing, and repairing automatic, commercial, industrial, high-speed doors, megadoors, loading dock equipment and digital solutions.

7. Aviation engaged Assa Abloy to provide services related to two airport facilities located in Houma, Louisiana (Terrebonne Parish) and Galliano, Louisiana (Lafourche Parish).

8. On or about September 28, 2021, Tim Bouchard, the authorized representative of Aviation, executed that certain purchase order whereby Assa Abloy would install two (2) North and two (2) South Megadoor Systems at Bristow airport located in Houma, Louisiana for the sum of $362,970.00 ("Purchase Order No. 1").

9. Under Purchase Order No. 1, Aviation agreed to pay for the following materials, parts, and services, which Assa Abloy has completed in full:

> North Bay
>
> Full fabric, batten strips, guide block assemblies, intermediate beams, wire ropes, hardware, guide rail, side seal, safety arrestors, bottom beams, hardware and floor seal replacement on the (2) North Single Part Megadoor systems.
>
> South Bay
>
> Full fabric, batten strips, guide blocks, hardware and floor seal replacement on the (2) south Single Part Megadoor systems. In addition, a full factory maintenance service will be performed to include inspections of all structural members, door, and safety

2

devices to ensure proper operation and continued worry free operation. In the event we find issues of concern, they will be brought to the customer's attention immediately.

10. On or about April 12, 2022, Craig Hofmann, the authorized representative for Aviation, executed that certain purchase order whereby Assa Abloy would furnish and install the necessary items to perform a factory certified fabric reskin and repair with respect to the door system located in at Bristow airport in Galliano, Louisiana for the sum of $124,680.00 ("Purchase Order No. 2").

11. Under Purchase Order No. 2, Aviation agreed to pay for the following materials, parts, and services, which Assa Abloy has completed in full:

> Full fabric, batten strips, guide blocks, wire ropes, hardware, and floor seal replacement on the (2) south Single Part Megadoor systems. In addition, a full factory maintenance service will be performed to include inspections of all structural members, door, and safety devices to ensure proper operation and continued worry free operation. In the event we find issues of concern, they will be brought to the customer's attention immediately.

12. Assa Abloy notified Aviation that it had completed its work pursuant to the Purchase Orders and provided Aviation with a final invoice.

13. Assa Abloy fully completed all services and work owed under the Purchase Orders in a good and workmanlike condition without defects and, thus, was entitled to full payment by Aviation for the performance of its work.

14. Pursuant to the terms and conditions signed by Aviation on October 14, 2021 ("Terms & Conditions"), Aviation agreed as follows with respect to any amounts due and owing under the Purchase Orders:

> [Aviation] agrees to examine upon receipt each invoice and statement and to advise [Assa Abloy] of any disputed transactions or statements within 15 days, together with a written statement specifying the reasons for such dispute(s).
>
> [Assa Abloy] reserves the right to impose interest at the lesser of 1.5% per month or the maximum rate permitted by law.

3

> In the event of default, [Aviation] agrees to pay [Assa Abloy] all costs and expenses of collections, suit or other legal actions brought as a result of the commercial relationship, including, but not limited to all actual attorney's fees and collection costs incurred pre-suit, through trial, on appeal and in any administrative or bankruptcy proceedings.

15. Aviation has failed to pay all amounts owed to Assa Abloy under Purchase Orders 1 and 2.

16. On November 16, 2023, Assa Abloy sent a Notice of Default to Aviation via U.S. Regular Mail, Certified Mail and Electronic Mail to Aviation. The Notice of Default demanded that Defendant pay the remaining outstanding balance of $341,355.00 for the work performed under Purchase Orders 1 and 2.

17. Aviation failed to respond to the Notice of Default or make any payment toward the outstanding balance.

18. Thereafter, on February 19, 2024, Assa Abloy sent a "Last and Final Notice of Default" to Aviation via U.S. Regular Mail, Certified Mail and Electronic Mail to the Aviation. The Last and Final Notice of Default again demanded that Aviation pay the remaining outstanding balance of $341,355.00 for the work performed under Purchase Orders 1 and 2.

19. The Aviation again failed to respond to the Last and Final Notice of Default or make any payment toward the outstanding balance owed to Assa Abloy.

## **FIRST CLAIM FOR RELIEF**

### (*Breach of Contract*)

20. Plaintiff hereby incorporates by reference all allegations contained in all the preceding paragraphs as if fully set forth herein.

21. Plaintiff entered into valid contracts with Defendant pursuant to Purchase Order 1, Purchase Order 2, and the Terms and Conditions agreement.

22. Plaintiff performed all the work specified under Purchase Order 1 and Purchase Order 2 in a good and workmanlike condition without defects.

4

23. Defendant was notified of completion of the work and accepted the work performed by Plaintiff.

24. Defendant has failed to pay as agreed for the work performed under Purchase Order 1 and Purchase Order 2.

25. The failure of Defendant to pay for the goods and services provided constitutes a material breach of Purchase Order 1, Purchase Order 2, and the Terms & Conditions agreement.

26. All conditions precedent to Plaintiff's right to enforce these agreements have been performed, have occurred, or have been waived.

27. The breaches by Defendant have caused significant damage to Plaintiff in a principal amount of $341,355.00.

28. In addition to the principal amounts owed for Assa Abloy's work, pursuant to the Terms & Conditions agreement, Assa Abloy is also entitled to an award of interest, all attorney fees and collection costs incurred pre-suit and through trial from Aviation.

29. As a direct and proximate result of Defendant's acts and omissions it has been unjustly enriched and Plaintiffs have been injured in an amount in excess of $75,000.

30. Because of Defendant's actions and/or inactions, Plaintiff has had to retain legal counsel to prosecute this action, and Plaintiff is entitled to collection costs, interest, and all attorney fees incurred herein pursuant to the Terms and Conditions agreement.

## SECOND CLAIM FOR RELIEF

### (*Breach of Open Account*)

31. Plaintiff hereby incorporates by reference all allegations contained in all the preceding paragraphs as if fully set forth herein.

32. Alternatively, in connection with the services and work provided by Plaintiff on the respective projects, Assa Abloy maintained an open account with Aviation and incurred charges in total amount of $487,650.00 for all work performed by Assa Abloy under Purchase Orders 1 and 2.

33. The total amount invoiced by Assa Abloy remains unpaid by Aviation and the balance of $341,355.00 is past due and owed, in addition to the considerable interest applicable.

34. Assa Abloy has made several amicable demands on Aviation for the amounts owed to Assa Abloy, but these demands have been to no avail.

35. Aviation has not protested, challenged, or contested the amounts due.

36. As such, Aviation is in default of its open account with Assa Abloy.

37. Pursuant to the Louisiana Open Account Statute, La. R.S. 9:2781, Aviation is liable to Assa Abloy for the amount due on the open account in the amount of $341,355.00 as well as reasonable attorney's fees in connection with the filing and prosecution of this lawsuit, plus interest and costs as allowed by law.

### THIRD CLAIM FOR RELIEF

*(Breach of Implied Covenant of Good Faith and Fair Dealing)*

38. Plaintiff hereby incorporates by reference all allegations contained in all the preceding paragraphs as if fully set forth herein.

39. Valid contracts exist between Plaintiff and Defendant.

40. Every contract in Louisiana implies a covenant of good faith and fair dealing.

41. Plaintiff justifiably expected Defendant to act with good faith and deal fairly under its contracts by complying with the payment obligations under the Purchase Orders.

42. Defendant has misled Plaintiff and failed to act in good faith and fairness as outlined above.

43. These actions were taken deliberately and done in bad faith. They are unfair to Plaintiff and are a violation of the implied covenant of good faith and fair dealing.

44. This breach of the implied covenant of good faith and fair dealing has caused actual losses and injury to Plaintiff.

45. As a direct and proximate result of Defendant's acts and omissions Plaintiff has been injured in an amount in excess of $75,000.

6

46. Because of Defendant's actions and/or inactions, Plaintiff has had to retain legal counsel to prosecute this action, and Plaintiff is entitled to reasonable costs and attorney fees incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, ASSA ABLOY ENTRANCE SYSTEMS US, INC. respectfully prays and requests that this Complaint be deemed to be good and sufficient and that summons be issued to AVIATION HANGAR DOOR SERVICES, LLC, Defendant, compelling it to respond to this Complaint within the delays and in the manner required by law and, after all just and due proceedings are had, that the following judgment be entered in favor of ASSA ABLOY ENTRANCE SYSTEMS US, INC. against Defendant AVIATION HANGAR DOOR SERVICES, LLC for:

1. For general and/or compensatory damages incurred and all outstanding sums due on the claims alleged in this Complaint;

2. For all attorney fees, all costs of these proceedings, collection costs, and interest based on Plaintiff's claims;

3. Such other and further equitable relief as the Court deems just and proper.

DATED this 14th day of May 2024.

                                                             */s/ Ryan M. Casteix*
                                                           **RYAN M. CASTEIX (#31656)**
                                                           Email: rcasteix@leakeandersson.com
                                                           **DONALD McKAY, Jr. (#14207)**
                                                           Email: dmckay@leakeandersson.com
                                                           **LEE M. LEBOUEF (#36547)**
                                                           Email: llebouef@leakeandersson.com
                                                           **STEFINI W. SALLES (#25857)**
                                                           ssalles@leakeandersson.com
                                                           Leake & Andersson, L.L.P.
                                                           1100 Poydras Street, Suite 1700
                                                           New Orleans, LA 70163
                                                           Tele: (504) 585-7500 Fax: (504) 585-7775
                                                           ***Counsel for Assa Abloy Entrance Systems US, Inc.***

**PLEASE ISSUE SUMMONS TO:**

AVIATION HANGAR DOOR SERVICES, LLC
Through its Registered Agent
Craig T. Hofmann
6127 247th Avenue
Salem, WI 53168